**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------x
COHEN AND SLAMOWITZ, LLP,

                                Plaintiff,

- against -

AIX SPECIALTY INSURANCE COMPANY,

                                Defendant.
-----------------------------------------------------------------x

Index No.: 11 - 11306
Date Purchased 8-1-11
and Filed:
Plaintiff designates Nassau
County as the place of trial

**SUMMONS WITH NOTICE**

The basis of the venue is
Plaintiff's place of business:
199 Crossways Park Dr.
Woodbury, New York

TO THE ABOVE NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded herein.

Dated: Melville, New York
         July 25, 2011

Defendant's Address:
726 Exchange Street
Suite 1020
Buffalo, NY 14210

Yours, etc.,

DANDENEAU & LOTT

By: _____
GERALD V. DANDENEAU
Attorneys for Plaintiff
425 Broad Hollow Road
Suite 418
Melville, New York 11747
(631) 454-0606

Notice: The nature of this action is for a Declaratory Judgment, declaring the obligation of the Defendant to defend and indemnify pursuant to the terms and conditions of an insurance policy issued to the Plaintiff by the Defendant. Upon your failure to appear judgment will be taken against you by default for an amount to be determined by the Court and the costs, disbursements and reasonable attorneys' fees of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
COHEN AND SLAMOWITZ, LLP,

                                                                                    VERIFIED COMPLAINT

                            Plaintiff,                                   Index No.:

              -against-

AIX SPECIALTY INSURANCE COMPANY,

                           Defendant.

---------------------------------------------------------------X

        The Plaintiff, Cohen and Slamowitz, LLP ("Plaintiff"), by their attorneys, DANDENEAU & LOTT, as and for their Complaint against the above named Defendant, AIX Specialty Insurance Company ("Defendant/AIX"), alleges upon information and belief the following:

## BACKGROUND STATEMENT

1.       That at all times hereinafter mentioned, the Plaintiff, Cohen & Slamowitz, LLP ("C & S"), was and still is a limited liability professional corporation duly organized and existing under and by virtue of the laws of the State of New York, maintaining its principal place of business at 199 Crossways Park Drive, Woodbury, New York.

2.       That upon information and belief, at all times hereinafter mentioned, the Defendant was and still is a foreign corporation, incorporated pursuant to the laws of the State of Connecticut, duly authorized to conduct the business of insurance in the State of New York, with an office for the conduct of business for that purpose at 726 Exchange Street, Suite 1020, Buffalo, New York.

3. That on or about December 31, 2010, in return for lawful consideration of the payments of premiums by the Plaintiffs, AIX issued a Lawyers Professional Liability Insurance policy, policy number 10NY20007500200-LPL(the "Policy") to the Plaintiff, which provided general liability insurance coverage to the Plaintiffs for, among other things, claims of legal malfeasance, legal malpractice and/or negligence. A copy of the subject commercial professional liability insurance policy is incorporated herein by reference as though set forth herein in its entirety.

4. That pursuant to the terms of the policy, AIX was and is obligated to provide a defense and indemnification to and for the benefit of the Plaintiff to legal actions brought for claims that are anticipated by, the subject of, covered by or provided for by the policy.

5. That pursuant to the terms of the policy, AIX was and is obligated to defend and indemnify the Plaintiff for judgments and expenses associated with legal actions brought for claims that are anticipated by, the subject of, covered by or provided for by the policy.

6. That prior to and on February 15, 2011, the policy was in full force and effect, covering the policy period of January 1, 2011 through December 31, 2011, and the Plaintiffs' premiums had been fully paid and accepted by AIX.

7. That on or about February 15, 2011, a proposed class action lawsuit entitled "Elizabeth Coble, Milagros Harper and Dennis Harper v. Cohen & Slamowitz LLP, David Cohen, Mitchell Slamowitz, Leandre John & Crystal S.A. Scott" ("the lawsuit") was commenced in the United States District Court for the Southern District of New York, under docket number 11-cv-01037.

8. The alleged lawsuit resulted in C & S being placed on notice on or about March 1, 2011, of its potential liability and/or responsibility for claims of improper service

2

of legal process of lawsuits maintained by C & S when utilizing the Midlantic Process, Inc., as process servers of legal process, resulting in unwarranted default judgments being entered against the named plaintiffs and potential plaintiffs in the lawsuit.

9. The claims of legal action on behalf of the plaintiffs in the subject lawsuit, together with any other claims by any class action plaintiffs, were claims and potential legal action anticipated by, the subject of, covered by and/or provided for by the policy.

10. C & S provided notice of the claim and tendered its request for defense and indemnification to AIX on March 2, 2011, pursuant to the terms of the policy, as reasonably practicable, immediately upon receipt of the notice of potential liability from attorneys stating they represented the alleged victims, and without prejudice to AIX

## AS AND FOR A FIRST CAUSE OF ACTION BY THE PLAINTIFF

11. The Plaintiff repeats and restates each and every statement of fact as set forth in Paragraphs "1" through "10" inclusive as though set forth herein in their entirety.

12. On or about April 1, 2011, AIX issued a disclaimer to C & S stating that AIX has no duty to defend or any obligation to indemnify C & S in reference to the claim and potential legal action as alleged in the lawsuit. A copy of AIX disclaimer letter is incorporated herein by reference as though set forth herein in its entirety.

13. The disclaimer by AIX was wrongful, unlawful and a breach of the terms and conditions of the policy and in derogation of its fiduciary obligations to C & S and to the Plaintiff in its entirety.

14. As a result of AIX's improper and illegal disclaimer of its obligations under that professional liability insurance policy issued for good and valuable consideration to the Plaintiff, C & S is entitled to an Order and Judgment declaring that AIX is obligated to defend and indemnify the Plaintiff, and particularly C & S and its named

employees and general partners, in reference to any claims of or lawsuit commenced by the named plaintiffs in the lawsuit, pursuant to the terms and conditions of that policy of commercial professional liability insurance issued by AIX to the Plaintiffs.

## AS AND FOR A SECOND AND DISTINCT CAUSE OF ACTION

15. The Plaintiff repeats, restates and realleges each and every statement of fact and allegation contained in Paragraphs "1" through "14" inclusive as though set forth herein in their entirety.

16. The costs of this action and legal expenses undertaken by the Plaintiff are a direct result of the wrongful actions of AIX in its wrongful disclaimer of coverage and indemnification as described herein.

17. Accordingly, AIX is obligated to reimburse the Plaintiff for any and all costs incurred in pursuing the within Declaratory Judgment action and, additionally, in defending and indemnifying the Plaintiff for all legal costs incurred in defending the lawsuit, until such time as AIX assumes the defense and indemnification of any such action, together with a further Judgment for an award of attorneys fees, legal expenses and costs incurred in maintaining this Declaratory Judgment action and defending any subsequent actions that may be commenced against the Plaintiff by the named class action plaintiffs in the lawsuit.

WHEREFORE, the Plaintiffs request an Order and Declaratory Judgment declaring that the Defendant, AIX, is obligated to defend and indemnify them in connection with any claims of and/or actions brought by the class action plaintiffs in the subject lawsuit against the Plaintiff, its partners and employees, pursuant to the terms and conditions of that commercial professional insurance policy issued by AIX to and for the benefit of the Plaintiff, its partners and employees and for a further Order and Judgment decreeing that AIX is obligated to reimburse and indemnify the Plaintiffs for any costs or awards incurred in

defending the claims or any actions brought by those named class action plaintiffs in the subject lawsuit, including an Award and Judgment for attorneys fees, legal expenses and costs incurred in maintaining this action and any subsequent actions brought by the proposed class action plaintiffs.

Dated: Melville, New York
      July 25, 2011

Yours, etc.

DANDENEAU & LOTT

By: _____
GERALD V. DANDENEAU
Attorneys for Plaintiff
425 Broadhollow Road
Suite 418
Melville, New York 11747
(631) 454-0606

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
                  ) ss:
COUNTY OF SUFFOLK )

GERALD V. DANDENEAU, being duly sworn, states as follows:

I am a member of the law firm of DANDENEAU & LOTT, the attorneys of record for COHEN & SLAMOWITZ, LLP, the Plaintiff herein. I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon files of the Plaintiff in my possession and upon conversations with the Plaintiff.

The reason I make this affirmation instead of the Plaintiff is that I maintain my office in a county other than that of the Plaintiff's place of residence.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:   Melville, New York
         July 25, 2011

                                          _____
                                          GERALD V. DANDENEAU

Index No.                    Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

COHEN AND SLAMOWITZ, LLP,

Plaintiff

-against-

AIX SPECIALTY INSURANCE COMPANY,

Defendant

---

### SUMMONS & VERIFIED COMPLAINT

---

**DANDENEAU & LOTT**
ATTORNEYS AT LAW
*Attorneys for* Plaintiff

425 BROADHOLLOW RD., SUITE 418
MELVILLE, NEW YORK 11747
(631) 454-0606
(631) 454-9250 (FAX)

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated:........................  Signature ........................

Print Signer's Name **GERALD V. DANDENEAU**

---

Service of a copy of the within                                     is hereby admitted.

Dated:

Attorney(s) for

---

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                      one of the judges of the within-named Court,
at
on                    20          at           M.

Dated:

**DANDENEAU & LOTT**
ATTORNEYS AT LAW

*Attorneys for*

425 BROADHOLLOW RD., SUITE 418
MELVILLE, NEW YORK 11747

To: